UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF NEW YORK
-----------------------------------------------------X

Case No. 09-23943

In Re:

Chapter 7

DALTON ALEXIS,

**REPLY AFFIRMATION**

Debtor.

-----------------------------------------------------X

RONNI J. GINSBERG, under penalty of perjury, deposes and says:

1.  We are the attorneys for LITTON LOAN SERVICING, LP ("LITTON") servicing agent

    for HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE

    POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2006,

    FREMONT HOME LOAN TRUST 2006-C ("HSBC").

2.  We submit this Reply Affirmation in further support of the Motion for Relief from Stay

    pursuant to 362(d)(1) & 301(c)(1) of the Bankruptcy Code modifying the automatic stay

    so that HSBC, as secured creditor, can recover possession of the premises known as 256

    NORTH PASCACK ROAD, SPRING VALLEY, NEW YORK 10977 ("Property").

3.  This matter is to be heard before this Court on January 29, 2010 at 10:00 A.M.

4.  An Affirmation in Opposition has been filed by Joshua M. Bleichman on behalf of the

    Debtor, Dalton Alexis.

5.  The Opposition submitted fails to raise any issues which would support the denial of the

    currently pending motion.

6.  The Opposition refers to the Making Homes Affordable Modification program which

    does not apply to the Debtor in this matter.

7.  The Making Homes Affordable Modification program is for owner occupied properties.

8.   HSBC is seeking to lift the stay with regards to property located at 256 NORTH PASCACK ROAD, SPRING VALLEY, NEW YORK 10977.

9.   As can be seen from Exhibit "A" which is attached, the Debtor as shown on page 2 resides at 55 DIVISION, SPRING VALLEY, NEW YORK 10977.

10.  As such, because the Debtor does not reside in the property that HSBC is seeking to lift the stay on, the Making Home Affordable Modification program does not apply.

11.  In addition, attached hereto as Exhibit "B" is a copy of a letter sent to Joshua Bleichman, attorney for the Debtor, laying out exactly what loss mitigation documents are necessary in order to be reviewed for a modification and a specific contact to send same to.

12.  To date, no loss mitigation documents have been forwarded for review.

13.  As such, HSBC hereby requests that the pending Motion for Relief from Stay be Granted.


Dated: January 25, 2010                    /s/ Ronni J. Ginsberg_____
                                              Ronni J. Ginsberg

## AFFIDAVIT OF SERVICE BY MAIL

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | ) **ss.:** |
| **COUNTY OF SUFFOLK** | ) |

JORDAN S. KATZ, being duly sworn, deposes and says:

That I am not a party to this action and maintain an office at 395 N Service Rd, Suite 401, Melville, New York 11747.

On January 26, 2010, I served a true copy of the **REPLY AFFIRMATION** by regular mail, mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:   JOSHUA BLEICHMAN, ESQ.
268 Route 59
Spring Valley, New York 10977

Marianne O'Toole
20 Valley Road
Suite One
Katonah, NY 10536

United States Trustee
33 Whitehall Street 21st Floor
New York, New York 10004

    /s/ Jordan S. Katz
    JORDAN S. KATZ

Sworn to before me on
January 26, 2010

  /s/ Nicolle Marie Krongel
Nicolle Marie Krongel
Notary Public, State of New York,
No. 01KR6060018
Qualified in Suffolk County
Commission Expires June 11, 2011

EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

In Re:                                    **Chapter 7**
**Dalton Alexis**                         **Case No 09-23943**

_____x

**Dalton Alexis**
     **Plaintiff,**
     **vs**                               **Adv. Case No.**
**Bank of America Home Loans**
     **Defendant,**

_____x

### Complaint Seeking Damages in Core Adversary Proceeding
### For Violation of RESPA

### Introduction

1.     This is an action for statuary, actual and punitive damages filed by the debtor pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

### Jurisdiction and Venue

2.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the debtor in that case.

3.     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b) (2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of New York on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

8. The Plaintiff Dalton Alexis, resides at 55 Division, Spring Valley, NY 10977, are debtors under Chapter 7 of Title 11 in the above-captioned case.

9. The Defendant, Bank of America Home Loans is located and doing business in this district with and address at P.O. Box 5170, Simi Valley, CA 93062-5170.

## Factual Allegations

10. On October 16, 2009 Plaintiff filed for Chapter 7 Bankruptcy.

11. The Plaintiff believes that he is being charged unauthorized late fees, and that his payments are being misapplied and that the mortgage account is not being properly credited for payments of interest, principal and escrow charges.

12. The Plaintiff took these matters up with their attorney. The debtor's attorney

2

sent a "Qualified Written Request" to Bank of America Home Loans, pursuant to the Real Estate Settlement Procedures Act on or about November 18, 2009.

13.　　The Defendant received the "Qualified Written Request" on, November 23, 2009 according to its USPS tracking number.

14.　　Defendant did not acknowledge the receipt of the "Qualified Written Request" by December 8, 2009, twenty days after its delivery.

15.　　Defendant did not respond to the "Qualified Written Request" by January 17, 2010 sixty days after it receipt, nor as of the date of this complaint.

16.　　As of the filing of this pleading the said Defendant has failed to have any form of communication with the debtor's attorney, or with the debtor to respond to or acknowledge the aforesaid Qualified Written Requests regarding the subject account.

17.　　The Plaintiff have suffered actual damages in being overcharged including, but not limited to, having paid excess charges, excess interest, unauthorized fees and other charges, including principal and interest, and credit not having been properly applied for Plaintiff's account as a result of Defendant having Plaintiff's payments in suspense account.

### Claim 1: Violation of RESPA

18.　　The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19.　　The Defendant is the assignee, of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

20.　　The "qualified written requests" was acknowledged within 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section

3500.21(e)(1) of Req. X

21.     The Defendant did not, within 60 days of receipt of the "qualified written requests," provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

22.     Some payments were stated as "unapplied" and Defendant must apply payments to the mortgage as per the party's promissory note.

23.     The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiff for payments made on the mortgage.

24.     Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiff may recover of the Defendant actual damages, costs and reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

### Claim 2: Breach of Contract

25.     The allegations in paragraphs 1 through 24 of this complaint are realleged and incorporated herein by this reference.

26.     Defendant has breached the contract by misapplying payments. Defendant did not apply the payments pursuant to note dated July 26, 2006.

27.     As a direct proximate thereof Plaintiffs have suffered losses.

### Claim 3: Negligence

28.     The allegations in paragraphs 1 through 27 of this complaint are realleged and incorporated herein by this reference.

29.     Defendant negligently did not respond to the "Qualified Written Request".

4

Defendant negligently misapplied payments and has done this without the protection of the law.

30.     As a direct proximate thereof Plaintiff has suffered losses.

WHEREFORE, the Plaintiff having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A.     That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages;

B.     That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages;

C.     That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

D.     That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E.     That the underlying debt to Bank of America Home Loans be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtor and mark "paid in full" on all loan documents with said documents to be delivered to the debtor with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

F.     That this Court order the Defendant to pay to the Plaintiff his attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United States Code pursuant to Section 2605(f) of Title 12 of the United States Code and

G.    That the Plaintiff has such other and further relief as the Court may deem just and

proper.

Dated: January 20, 2010
Spring Valley, New York

      /s/ Joshua N. Bleichman
Joshua N. Bleichman
Law Office of Bleichman & Klein
Attorney for Plaintiffs
268 Route 59
Spring Valley, NY 10977
(845) 425-2510

6

EXHIBIT "B"

January 8, 2010

Joshua N. Bleichman
268 Route 59
Spring Valley, NY 10977

Re:    Dalton Alexis
        Case No.: 09-23943

Dear Mr. Bleichman:

     Please be advised we have received your clients request for loss mitigation. Your loss mitigation contact is Stephanie Collier with Litton Loan Servicing LP. Please complete the attached loss mitigation packet as well as attach a hardship letter, 30 days of recent pay stubs or proof of income, most recent bank statement, as well as monthly expenses. These documents can be faxed to Stephanie Collier at (713) 218-3580.

     If you have any questions please do not hesitate to contact Stephanie Collier at (713) 218-4608.

Very truly yours,

By: _____
     Ronni J. Ginsberg, Esq.